IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS RONALD SANDERS,

      Petitioner,

v.                                    Civil Action No. 1:06cv181
                                        Criminal Action No. 1:05cr102-01
                                        (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

On December 22, 2006, the *pro se* petitioner, Marcus Ronald Sanders, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The United States filed a response to the petition on February 12, 2007. This case is before the undersigned for a report and recommendation pursuant to Standing Order No. 4 and LR PL P 83.01, et seq.

### I. Procedural History

### A. Conviction and Sentence

On November 1, 2005, the petitioner was charged with one count drug conspiracy in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) and 841(b)(1)(C); one count aiding and abetting in the distribution of cocaine base and cocaine within 1000' of a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860 and 18 U.S.C. § 2; and five counts aiding and abetting distribution of cocaine base within 1000' of a playground in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 860 and 18 U.S.C. § 2. On January 19, 2006, the petitioner plead guilty to Count Six of the indictment charging him with aiding and abetting in distributing cocaine base within 1000' of a playground in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C),

and 860 and 18 U.S.C. § 2. On May 16, 2006, the petitioner was sentenced to 121 months imprisonment and supervised release for six years.

**B. Direct Appeal**

The petitioner did not file a direct appeal of his conviction and sentence.

**C. Federal Habeas Corpus**

Petitioner's Contentions

(1) Violation of Due Process Rights-petitioner was deprived of his constitutional right to due process of law and fair and equitable sentencing determination because the government failed to honor all of the terms and conditions of his plea agreement;

(2) Denial of Effective Counsel for

(a) failing to receive new counsel,

(b) failing to file any motions and objections at the sentencing hearing; and

(3) Unlawful Arrest-conviction was obtained through the use of evidence by unlawful arrest.

Government's Contentions

(1) The government honored all terms and conditions of petitioner's plea agreement;

(2) The petitioner did not inform the Court of his desire to change counsel;

(3) Petitioner's counsel made several motions and objections prior to and before petitioner's sentencing hearing; and

(4) There is no basis for the petitioner's contention that his conviction was

obtained as a result of an unlawful arrest.

## II.  Analysis

### A.  Validity of Plea Agreement

In his first ground, the petitioner asserts that he was deprived of his constitutional right to due process of law, as well as a fair and equitable sentencing determination, because the United States willfully failed to honor all of the terms and conditions of his written plea agreement. Specifically, the petitioner asserts that in the plea agreement, the government agreed to a sentence of "12-28 months, but no more then (sic) 36 months." See Petitioner's Motion to Vacate (dckt. 1/81) pp 6-7.  The petitioner was actually sentenced to 121 months imprisonment. Therefore, the petitioner argues that the government breached the plea agreement and that his plea is invalid.

When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it could be said to be part of the inducement or consideration, such promise must be fulfilled.  United States v. Beltran-Ortiz, 91 F.3d 665, 668 (4th Cir. 1996).  The validity of the plea is called into question if the prosecutor's promises are not carried out because the plea is involuntary.  Santobello v. New York, 404 U.S. 257 (1971).  A party alleging breach has the burden of proving the breach by a preponderance of the evidence.  United States v. Conner, 930 F. 2d 1073, 1076  (4th Cir.), cert. denied, 502 U.S. 958 (1991).

In the present case, the irrefutable facts of the record contradict petitioner's contention. The plea agreement specifically states:

> The maximum penalty to which Mr. Sanders will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a term of *at least* one (1) year and *not more* than forty (40) years . . .

3

Plea Agreement (dckt. 54) at ¶ 2 (emphasis added).

The plea agreement further states:

> There have been no representations whatsoever by any agent or employee of the United States or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is <u>not</u> bound by these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

Plea Agreement (dckt. 54) at ¶ 6 (emphasis in original).

Finally, the plea agreement also states:

> The above fourteen (14) paragraphs constitute the entire agreement between Mr. Sanders and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Plea Agreement (dckt. 54) at ¶ 15.

At the petitioner's Rule 11 hearing, the terms of the plea agreement were summarized verbally by the government. <u>See</u> Plea Hearing Transcripts (dckt. 90) at 5-14. The petitioner responded affirmatively that he understood the plea agreement. <u>Id.</u> Thereafter, the undersigned thoroughly explained the terms of the petitioner's plea agreement, including the possible sentences. <u>Id</u>. at 40-50. During this explanation, the petitioner repeatedly stated that he understood the terms of his agreement and the possible consequences of entering a guilty plea. <u>Id.</u> At the close of the change of plea hearing, the petitioner stated that he wished to plead guilty and did so. <u>Id.</u> at 54.

Clearly, the petitioner was aware that he would receive a sentence of at least one year, up to 40 years. The petitioner affirmed, in both the plea agreement and at his Rule 11 hearing, that

4

there were no representations made to him outside of the plea agreement which induced his decision to plead guilty. Moreover, the plea agreement does not contain any provision that the petitioner receive a sentence of only one to two years. Thus, ground one is without merit and should be denied.

**B. Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." <u>Strickland</u> at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. <u>Id.</u> at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in <u>Strickland</u>, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." <u>Hill v. Lockhart</u>, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985) (footnote omitted); <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u> 466 U.S. at 694.

5

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. <u>Strickland</u> 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. <u>See</u> <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

(1) <u>Failing to File Objections or Motions</u>

In the present case, petitioner contends that his counsel did not file any motions or objections at or before his sentencing hearing. Petitioner's claim goes against the facts in the record. Prior to petitioner's sentencing hearing, petitioner's counsel made two objections to petitioner's sentencing report. First, petitioner's counsel objected to the probation officer adding one criminal history point for a prior conviction obtained by the petitioner in June, 1995. <u>See</u> Transcript of Sentencing Hearing (dckt. 84) pp 4-5. Second, petitioner's counsel objected to the pre-sentence report because the document did not adequately reflect the petitioner's work history. <u>Id</u>. at 5-6. After hearing counsel's arguments, the Court decided not to rule on these objections because neither would have changed the petitioner's sentencing range. <u>Id</u>.

Additionally, prior to the sentencing hearing, petitioner's counsel filed a Sentencing Memorandum. In the memorandum, petitioner's counsel advised the Court that the probation officer's findings of a Guideline range of 121-151 months was too oppressive because the petitioner was a "low level drug dealer." <u>Id</u>. at 12. At the sentencing hearing, petitioner's counsel requested the Court to grant the petitioner a lighter sentence. <u>Id</u>. The Court disagreed with petitioner's counsel stating reasons therefor and sentenced petitioner to 121 months of incarceration. <u>Id</u>. at 19. Therefore, petitioner's contention that his counsel did not file motions in

his behalf is refuted by the record.

(2) Failing to Receive New Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." However, the Sixth Amendment does not guarantee a meaningful relationship or even substantial rapport between a defendant and his counsel. Generally speaking, the reported fact that defendant and counsel are not "getting along" is insufficient to require appointment of substitute counsel. See, e.g., Morris v. Slappy, 461 U.S. 1, 13-14 (1983)(Sixth Amendment does not guarantee "meaningful relationship" or good rapport with attorney, just constitutionally adequate representation); and United States v. Burns, 990 F.2d 1426, 1437-38 (4th Cir. 1993)(no right to substitute counsel, even though defendant had filed grievance complaint with State Bar against court-appointed counsel; "to hold otherwise . . . would invite criminal defendants anxious to rid themselves of unwanted lawyers to queue up at the doors of bar disciplinary committees on the eve of trial. Such is not an invitation we wish to extend").

In United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994), the Court established three factors for reviewing motions for substitution of counsel. First, the Court needs to examine the timeliness of the motion. Second, the Court needs to make an inquiry as to motivations of the defendant in making the motion. Third, the Court must determine whether the attorney client conflict is so great as to result in a total lack of communication preventing an adequate defense. Additionally, the Fourth Circuit has gone on to state that a court is within its limits in denying a motion to substitute counsel when the conflict is due to defendant's belligerence, United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995) or is based on defendant's unfound belief that

7

counsel was not providing adequate representation and defendant's refusal to discuss the case with counsel. United States v. Johnson, 114 F.3d 435, 443 (4th Cir. 1995) *cert. denied,* 522 U.S. 903 (1997).

In his § 2255 motion, petitioner claims that he was denied the right to receive new counsel by the government. The petitioner field his *ex parte* motion to dismiss his legal counsel on December 3, 2005. See Motion (dckt. 27). In his motion, the petitioner cited the following as grounds for the dismissal: lack of communication between counsel and the petitioner; attempted coercion by counsel into acceptance of plea agreement; conflict of interest; attempted coercion of acceptance of drug weights petitioner claims to have not had; and failure by counsel to obtain and return petitioner's property. Id. On December 13, 2005, the petitioner filed a supplemental *pro se* motion for dismissal of counsel, citing additionally coercion charges concerning the representation of petitioner's wife by present counsel. See Motion (dckt. 29). Furthermore, petitioner asked for the appointment of individual representation for himself and his wife, release on bond and the right to represent himself until new legal counsel was appointed. Id.

On December 22, 2005, the Court conducted a thorough evidentiary hearing. The United States was not represent at the proceeding due to the nature of the motion.[1] Both the petitioner and his counsel gave sworn testimony at the hearing. See Order (dckt. 33) p. 1. During the hearing, the Court carefully examined the petitioner relative to each meeting, telephone call and letter between the petitioner and counsel, exploring the petitioner's recollections of these

---

[1] The United States did file a response to petitioner's motion and supplemental motion on December 18, 2005, but because the United States was not privy to the ex parte motion, the response did not specifically respond to any of petitioner's claims.

See Response (dckt. 28) at p. 2.

communications. Id. at 2. In addition, the petitioner stated that he had seen and reviewed the Government's evidence disclosed in pre-trial discovery and that it would be used to prove the charges in the indictment. Id.

Upon reviewing the testimony of the petitioner and his pleadings, and considering the in court representation of petitioner's counsel, the Court concluded the petitioner's motions were timely filed but that they were the result of petitioner's own belligerence and unfounded belief that counsel was not providing adequate representation. Id. at 3. Moreover, the Court concluded that counsel had attempted to provide adequate representation of the petitioner but petitioner had foiled those attempts by refusing to communicate further with counsel. Id. Last, the Court found that petitioner's stated unwillingness to communicate with his counsel was self-imposed and not the result of any inadequacy on the part of counsel. Id. For the aforementioned reasons, the Court, not the government, denied the petitioner's motion for substitution of counsel. Therefore, petitioner's contention goes against the record's facts and should be dismissed.

## C. Conviction Obtained by Use of Evidence by Unlawful Arrest

In ground three, the petitioner asserts that his conviction was obtained by use of evidence of an unlawful arrest. In support of his claim, the petitioner asserts that his case was sealed on November 1, 2005, but then later unsealed on November 17, 2005. The petitioner further states that the "courts say" this was an on going investigation for more than two years, but that his co-defendant was arrested in 2004 on the same case.

In this ground, the petitioner first questions the appropriateness of his conviction with respect to the sealing and unsealing of his indictment. Under the federal law, records, orders and subpoenas relating to grand jury proceedings must be kept under seal to the extent and as long as

9

necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury. Fed R Crim Pro Rule 6(e)(6). The federal magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Fed R Crim Pro Rule 6(e)(4). The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons. Id. In this case, the petitioner's indictment was initially filed under seal. See Motion to Seal (dckt. 3). After his arrest, the petitioner's indictment was unsealed. Because this is consistent with the procedures set forth in the Federal Rules of Criminal Procedure, the sealing and unsealing of the petitioner's indictment was proper.

The petitioner next questions the legality of his conviction based on the fact that his co-defendant was indicted before him and because the government's investigation of him spanned two years. In United States v. Lovasco, 431 U.S. 783, 791 (1977), the Supreme Court stated that "prosecutors do not deviate from fundamental conceptions of justice when they defer seeking indictments until they have probable cause to believe the accused is guilty." (internal quotations omitted). The Court goes on to state that "[i]t should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." Id. The Supreme Court states that such action by prosecutors would be "unprofessional conduct." Id. Accordingly, pursuant to Lovasco, the date on which the petitioner's co-defendant was arrested is irrelevant. Although the government may have filed charges earlier, the law provides that the government was under no obligation to the petitioner to file charges at an earlier date. Instead, the law clearly states that the government could not have filed charges against the petitioner until such

time as it had sufficient probable cause to believe the petitioner was guilty.  Any other course of action may have been construed as "unprofessional conduct" by a reviewing court. Thus, it was not improper for the government to wait two years to file charges against the petitioner.

Additionally, under the original indictment, the petitioner was charged with one count drug conspiracy in violation of 21 U.S.C. §§§ 846, 841(b)(1)(B)(iii) and 841(b)(1)(C). According to the indictment, the relevant term limit of this investigation lasted from April 2004 to August 9, 2004. See Indictment (dckt.1).   Although count one was later dismissed, the count shows that the government was investigating the petitioner's involvement in a drug distribution conspiracy for an extended period of time.  Furthermore, the indictment demonstrates, through a multiplex of other counts, that the petitioner was actively engaging in the drug conspiracy during the relevant term. Id.  In fact, the underlying count to which the petitioner pleaded guilty was alleged to have occurred on August 6, 2004, three days before the investigation ended, and well within the range of the relevant term. Id.  Therefore, the Government's two year investigation of the petitioner was not a recklessly arbitrary and capricious inquisition, but a legitimate investigation into petitioner's involvement in a drug conspiracy.

## III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Court enter an Order **DENYING** petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of this Court written objections identifying the portions of the Recommendations to which objections are made, and the basis for such objections.  A copy of such objections shall be submitted to the Honorable Irene M. Keeley, United States District

Judge. Failure to timely file objections to the Recommendations set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United Stats v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket. The Clerk is further directed to provide copies of this Opening/Report and Recommendation to counsel of record via electronic means.

DATED: June 4, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE